**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald J. Hatfield on behalf of S.H., | No. CV14-1844 PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Shelly E. Hatfield, et al., | |
| Defendants. | |

Plaintiff Donald Hatfield has filed this lawsuit on behalf of himself and his biological child, SH. The lawsuit arises out of proceedings that began in Arizona state and municipal court more than ten years ago. Mr. Hatfield filed for dissolution of his marriage from Defendant Shelly Hatfield, and subsequently was ordered to pay child support. A few months later, Mr. Hatfield's parental rights were terminated in a separate dependency proceeding. The State of Arizona intervened in the domestic relations matter in 2012 to enforce Mr. Hatfield's child support obligations. Mr. Hatfield argued in state court that the termination of his parental rights excused him from paying child support, or, alternatively, that the termination was fraudulent. On October 2, 2014, the Arizona Court of Appeals ruled on Mr. Hatfield's appeal in the child support enforcement proceeding, resolving many of the issues giving rise to this lawsuit. *Hatfield v. Lee-Hatfield*, No. 1 CA-CV 13-0640, 2014 WL 4952264 (Ariz. Ct. App. Oct. 2, 2014).

Mr. Hatfield asserts a number of claims regarding the state legal proceedings. He challenges the validity of the order terminating his parental rights, the validity of the civil

contempt order against him for failure to pay child support, and his responsibility to pay child support arrearages. He has sued judges, lawyers and government officials in Arizona and California, asserting a variety of constitutional and tort claims. Doc. 5.

Various Defendants have filed motions to dismiss. The motions are fully briefed. For reasons that follow, the Court will grant the motions.

### A. Weiers and Finn Motion to Dismiss.

Defendant Finn's motion to dismiss is granted. Judges are absolutely immune from civil liability for acts taken in their judicial capacity, and the amended complaint clearly asserts claims based on actions taken by Judge Finn in her judicial capacity. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) ("Such immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.") (quotation marks and citation omitted). Mr. Hatfield's general statement in his prayer for relief that "[c]laims for injunctive relief, if any, will be requested by motion" (Doc. 5 at 44) does not require a different outcome.

Defendant Weiers' motion to dismiss is granted. The only count in which he is named, Count 1, alleges that Defendant Weiers violated Plaintiffs' rights "between 2002 and 2005." Doc. 5 at 24. The claim is therefore barred by the two-year statute of limitations applicable to claims under 42 U.S.C. § 1983. *See Bober v. Emmons*, No. CV11-01232-PHX-DGC, 2012 WL 2299444, at *2 (D. Ariz. June 18, 2012). Plaintiffs' citation of paragraph 110 of his amended complaint does not help because that paragraph does not identify a date on which his § 1983 claim against Weiers is based. Nor does Count 1 allege violations after 2005.[1]

### B. Sawicki Motion to Dismiss.

Defendant Sawicki's motion is granted for lack of personal jurisdiction. Mr. Hatfield alleges that Defendant Shelly Hatfield applied for welfare benefits in Calaveras County, California; that Shelly was interviewed there; and that regulations (presumably

---

[1] Count 24 is asserted against "[a]ll defendants" (Doc. 5 at 43), but fails to state a claim. It merely asserts that "[a]ll defendants are secondary tortfeasors to one another" with no factual allegations in support.

in the State of California) required notice to Mr. Hatfield of the application. Doc. 5, ¶¶ 79-83. He sues Sawicki, who is the director of the Calaveras County Health and Human Services Agency, but none of the factual allegations in the amended complaint establish a basis for personal jurisdiction against Sawicki. She is domiciled in California, receives mail in California, owns property in California, and works in California. She lacks contacts with Arizona for either general or specific personal jurisdiction. Plaintiff's response – that Calaveras County has certain regulatory obligations to Arizona – says nothing about Defendant Sawicki's personal contacts with Arizona.[2]

### C. State Defendants' Motion to Dismiss.

Mr. Hatfield sues the judge who presided over the parental rights termination proceeding (Commissioner Kaipio), the two judges in the child support enforcement proceeding (Commissioners Morton and Van Wie), and the two state Assistant Attorneys General who represented the Arizona Department of Economic Security (ADES) in the enforcement proceeding (Faller and Rubezic). Mr. Hatfield also sues state officials who had no direct involvement in the state actions. He names Judge Davis as the supervisor of the Commissioners, ADES Director Carter and Assistant Director Bright, who are not alleged to have had any personal involvement with Mr. Hatfield's cases, Attorney General Thomas Horne, who likewise had no personal involvement, and Governor Jan Brewer, against whom he makes no substantive allegations.

The Rooker-Feldman doctrine "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." *Henrichs*

---

[2] The Court also agrees that a § 1983 claim based on Sawicki's alleged failure to provide notice to Hatfield in 2005 is barred by the two-year statute of limitations.

- 3 -

*v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Examples of de facto appeals to which Rooker-Feldman applies include naming a state superior court as a federal defendant and alleging as a legal wrong that the state court's jury verdict was unconstitutional, *Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986); naming each judge from a state appellate panel as a federal defendant and alleging a federal due process violation that effectively seeks to have the appellate panel's opinion vacated, *Bianchi*, 334 F.3d 895; filing suit in federal court and asserting as a legal wrong the allegedly incorrect jurisdictional determinations of a state agency and the reviewing state court, *Olson Farms v. Barbosa*, 134 F.3d 933 (9th Cir. 1998); naming as defendants in a federal action the justices of a state supreme court and alleging that the justices violated the constitution by levying and collecting a fine, *Partington v. Gedan*, 961 F.2d 852 (9th Cir. 1992); alleging a constitutional violation in federal court when a state court dismissed a lawsuit for failure to comply with a discovery order, *Allah v. Superior Court*, 871 F.2d 887 (9th Cir. 1989); filing suit in federal court seeking to void a state default judgment because the state court allegedly lacked personal jurisdiction, *MacKay v. Pfeil*, 827 F.2d 540 (9th Cir. 1987); and filing suit in federal district court to challenge a state supreme court decision to deny admission to the state bar, *Tofano v. Supreme Court of Nev.*, 718 F.2d 313 (9th Cir. 1983).

This case is such a de facto appeal. The amended complaint alleges that the State Defendants acted without subject matter or personal jurisdiction when they issued the parental rights termination order (Doc. 5, ¶¶ 181-189), acted without subject matter jurisdiction by seeking and issuing enforcement and civil contempt orders (¶¶ 190-203), denied due process by failing to issue orders (¶¶ 204-210), "made statements" by seeking and issuing orders in state enforcement proceeding (¶¶ 284-97), wrongfully took Mr. Hatfield into custody pursuant to the civil contempt order (¶¶ 298-308), and wrongfully required Mr. Hatfield to seek employment to pay child support arrears (¶¶ 309-314). These allegations and the other claims against the State Defendants (many of which were

recently resolved by the Arizona Court of Appeals in *Hatfield v. Lee-Hatfield*, 2014 WL 4952264) constitute a direct attack on the state court proceedings and are barred by Rooker-Feldman as applied in the cases discussed above. *See also MacKay v. Pfeil*, 827 F.2d 540 (9th Cir. 1987) (Rooker-Feldman barred subject matter jurisdiction where plaintiff sued in federal court seeking to enjoin state defendants from enforcing adverse child custody orders against him).[3]

### D. County Defendants' Motion to Dismiss.

Defendants McCarroll and Arpaio assert that Plaintiff failed to serve a notice of claim on them as required by A.R.S. § 12-821.01(A).  Compliance with the notice of claim statute is a mandatory prerequisite to filing a complaint against a public entity or employee in Arizona, and failure to comply with the statute bars any claim. *See Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005).  Strict compliance with the notice of claim statute is required.  *See*, *e.g.*, *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490 (Ariz. 2007).

Mr. Hatfield does not dispute that he failed to provide a notice of claim to the County Defendants.  He argues instead that no notice was required because he did not sue them for actions taken in the course and scope of their employment.  This argument is plainly incorrect.  Although Mr. Hatfield alleges wrongs such as battery and kidnapping, his claims are based on actions taken by the County Defendants in connection with the state child support proceedings and his incarceration for contempt in those proceedings.  Because Mr. Hatfield failed to comply with the notice of claim statute, his claims against the County Defendants must be dismissed.

### E. Leave to Amend.

Mr. Hatfield seeks leave to amend.  Leave is not warranted if deficiencies in a claim cannot be cured by amendment. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that a pro se litigant must be given leave to amend

---

[3] Mr. Hatfield's claims against the commissioners, judges, and state attorneys are also barred by judicial and prosecutorial immunity.

1  "unless it is absolutely clear that the deficiencies of the complaint could not be cured by
2  amendment"); *see also Ahlmeyer v. Nevada Sys. Of Higher Educ.*, 555 F.3d 1051, 1055
3  (9th Cir. 2009) (holding that "futility of amendment alone can justify the denial of [leave
4  to amend]").

5  The claims against Defendant Finn are barred by absolute judicial immunity and
6  the claim against Defendant Weiers is barred by the statute of limitations.  The Court
7  lacks personal jurisdiction over Defendant Sawicki.  The claims against the State
8  Defendants are barred by the Rooker-Feldman doctrine, and the claims against the
9  County Defendants are barred by the Arizona notice of claim statute.  Because these
10 deficiencies cannot be cured by amendment, leave to amend is denied.

11 **IT IS ORDERED** that the pending motions to dismiss (Docs. 15, 19, 33, 36) are
12 **granted**.

13 Dated this 18th day of December, 2014.

David G. Campbell
United States District Judge